Thank you. First case and only case on our docket today is Beasley v. Howard, No. 20-1119. We welcome counsel. These are odd times, but we're happy to see you, even if it's via Zoom. So I'm going to be timing you. We have 15 minutes aside. And I'll try to give you a brief introduction so you know where you are. And Mr. Schwimmer, will you be reserving any time for rebuttal? Mr. Schwimmer Four minutes, Your Honor. Mr. Pozen I'm sorry? Mr. Schwimmer Four minutes, Your Honor. Mr. Pozen Okay, that'll be granted. Terrific. So you have 11 in your principal argument, and you may start at any time. Mr. Schwimmer Yes, Your Honor. Are the volumes okay? Mr. Pozen We're all set. Mr. Schwimmer The volume is up. Very good. Okay. May it please the court. Good morning, Your Honors. Mr. Schwimmer Good morning. Mr. Schwimmer I am Martin Schwimmer of Lisa and Alice, appearing on behalf of Plaintiff Appellant David Beasley. Are there any issues that you would like me to address immediately? Mr. Pozen Actually, I just want to know. I mean, we've got a pro se complaint here. I just want to know sort of what the theories are, actually, that are being pressed, and whether the appellant is still pressing the fraud claim. So I'll leave it to you. Mr. Schwimmer Thank you, Your Honor. With the understanding that a pro se complaint should be read liberally, the complaint supports three claims under Section 43A of the Lanham Act, infringement, passing off, and false advertising. As you note, in the decision below, there is a reference to a state fraud claim. We are not pressing that. The complaint does not fairly support that allegation. Mr. Pozen Thank you. How about the fraud claim? Obviously, the argument is that the TTAB's decision has pretty much precluded that. Mr. Schwimmer To be clear, we're now talking about fraud on the trademark office, as opposed to the state fraud claim that was referred to in both the decision and plaintiff's moving papers. So to be clear, fraud on the PTO, as we acknowledge in our papers, is subject to both claim and issue preclusion, and that is not a theory that can be pursued at this time. Mr. Pozen Okay. Well, you may proceed with your argument then. Mr. Schwimmer So this case is about whether prior claims brought before an administrative tribunal of limited jurisdiction, specifically the Trademark Trial and Appeal Board, can be deemed to be the same cause of action, and therefore accorded claim preclusive effect to subsequent unfair competition claims brought under a TTAB. And the answer is no, both under the multi-factor test that is utilized by this court, as articulated in cases such as U.S. v. Athlon, as well as the more recent Ninth Circuit case, 3 v. B. Meenakshi, which is the only case that we're aware of, the only effect pattern, namely a prior TTAB proceeding and then a subsequent civil proceeding. In our view, both approaches have different ways of saying the same thing. Specifically, looking at the differing causes of recovery and different theories of remedy, because the TTAB is limited jurisdiction, they could not hear those causes at all. This is a different cause of action, and therefore, claim preclusion is not appropriate. Mr. Slavitt Well, now your adversary relies pretty heavily – well, actually, yeah, should we be concerned that the v. v. v. case, which is at play in this case, the Ninth Circuit's opinion, would undermine the finality of a TTAB proceeding – Mr. Slavitt No, Your Honor. As v. v. v. points out, issue preclusion would be the normal safety valve to prevent re-litigation. This is a somewhat unusual situation in that here, the important elements of a Section 2D cancellation proceeding were not actually litigated, as was the case in, for example, B&B hardware, and in most TTAB decisions, there was no actual litigation. There are no findings that this Court can utilize. So, in other words, most of the time, finality will be achieved through the specter of issue preclusion. Mr. Slavitt Counsel, what's the scope of the district court's opinion? I'm sorry, Judge Chigares, were you finished? Judge Chigares No, no, I'm all set. Mr. Slavitt Okay, thank you. Counsel, could you tell me, as we look at the district court's ruling, what's its scope as it relates to these other talking about prior use, passing law, false advertising? Is it just an instance where the district court alluded to it? Were they not mentioned at all? Presumably, well, I won't presume. Maybe you can answer that, and then I'm going to ask you about remedy. Judge Chigares So, we can draw what inferences we want with regards to the manner in which the motion to dismiss was prosecuted by pro se plaintiff. And I note that, again, the arguments made by the pro se plaintiff should be understood liberally, and the complaint should be understood liberally. The district court does identify the pleading in the complaint that supports the false advertising claim, specifically the allegation that defendant said, I am the founder, and this is the original band. That allegation supports all of the elements of false advertising. The court identifies that pleading, but does not discuss the significance of it. Among the errors of the district court is to not actually discern the differences between section 43A, unfair competition, and what was actually litigated or that which was precluded before the TTAB. So, just to answer your question, the district court dismisses the entire claim and does not actually explain its application of the affluent factors as they pertain to the 43A claim. Judge Goldberg Right. So, everything that arises under 43A, in your view, survives should go back. Judge Chigares Absolutely, Your Honor, because of the differences in the theory of recovery and the differences in the theory of remedy. Judge Goldberg Judge Greenway, do you have a question on remedy? Judge Greenway I think he's answered that. Judge Goldberg Okay. Judge Greenway Counsel, right? You want it to go back? Judge Goldberg Absolutely. Not to put too fine a point on it. The TTAB is simply not capable of hearing, is not capable of issuing injunctive relief, nor monetary relief. None of this could have been brought before them, and none of this could have been heard. Judge Goldberg Okay, very good. Thank you. Judge Goldberg We all know that your client did not appeal, I guess, either TTAB decision. Is there any reason why he didn't? Judge Greenway Well, with the understanding that our firms appeared for the first time in this proceeding this year, there is no indication in the record why an appeal was not pursued. There's no indication in the record that the party was on notice that an appeal could have been pursued. If you go to the TTAB decision, strangely, in either TTAB 1 or TTAB 2, there is no reference to appeal, nor any form of order issued by the TTAB. Judge Goldberg Okay. Let me ask this question. So, I think that your concession on the fraudulently obtained registration of the fault with regard to claim preclusion, I wonder if you could tell us, how does that affect your adversary's ability to use incontestability with regard to the other claims? Judge Greenway Thank you, Your Honor. We cannot ask the court to cancel the registration based on any grounds for registration that had accrued at the time of TTAB 1 and TTAB 2. Independently, the registration achieved incontestable status just under the statutory provisions that he filed the requisite affidavit. However, as we point out in the brief, incontestability is not a magic card to be played in this case. It is not actually incontestable. There are nine exceptions to incontestability in the Act, and we fall under the second one identified in Section 15. A senior common law can continue to contest the exclusive right to use. We cannot ask the court to cancel the registration, but we can ask the court to adjudicate the scope of the registered rights. Second, incontestability, if it existed, only would apply to the registered rights. It has no bearing on, for example, rights that relate to musical recordings, streamed music, these are goods and or services not identified by the registration and not covered by incontestability. And it's irrelevant, the so-called incontestable registration is irrelevant to our false advertising cause. Thank you. Council, assuming we agree with you, what does this look like when it goes back? Do you move to file an amended complaint that lays out these causes of action? Yes, to clarify, yes. Okay. I see that my time is up, so thank you. Okay, thank you, Council. We'll get you on rebuttal, and now we'll hear Pelley's counsel. Good morning, and may it please the court. Initially, I'd like to address two questions that were asked regarding the fraud element and finality question. So on the fraud side of it, I think it's important to recognize that the fraud of the USPTO implicates many of the allegations that Mr. Beasley made in T-TAP case number one. And what I mean by that is when you submit an application at the USPTO, you have to sign off at the end on certain declarations, including the fact that you believe that you have a right to use a trademark, including the fact that you believe that you're the sole owner, that others don't have the right to do that. So these elements, these claims or allegations that he made in the T-TAP proceedings, namely that he started the band in 1969, that he is a sole owner, that Mr. Howard took the name from him, that he has priority, these are all central to the question of fraud. And the reason I bring that up is that the appellant in the opening brief made mention of the fact that these were thrown in there, but were not central to the question of fraud. And I think it's important to recognize that actually it is very central to the question of fraud, because that's the fraud we're talking about, those declarations that are made by the applicant when he submits the application. But what does that relate to the 43A claims that counsel noted were separate and apart from fraud and should be able to proceed? Right, so that gets into a bigger question that this case raises, which I think is really an important one, which is does claim preclusion apply as between the T-TAP and the district court? And appellant takes a position in his opening brief that there should be no claim preclusion at all, meaning there is period, no claim preclusion. And he points to BNB hardware, where the Supreme Court talks about issue preclusion, but doesn't make any mention at all about claim preclusion. And the appellant draws from that, that it must be that the Supreme Court doesn't hold that claim preclusion should apply. But I think that that is completely incorrect, because the BNB hardware case specifically cites two other cases, two other Supreme Court cases, that do discuss claim preclusion and use that as support. So one of them is the Elliott case, others Astoria case. Those cases actually do mention claim preclusion. So the idea that claim preclusion doesn't apply, I think is incorrect. I think it does apply. And a simple example might be if an opposer or a petitioner petitions to cancel a registration, let's say based on genericness or descriptiveness at the USPTO. And suppose that he drops the case, he doesn't pursue it. I think everybody would agree that he can't then pursue that very same claim in district court, even though that's a case where issue preclusion would not apply. That has to be claim preclusion. In addition to that, I think it's very clear that the Ninth Circuit Court of Appeals must hold that claim preclusion does apply. Otherwise, it didn't have to go on to this restatement exception to dispose of the case. It could have simply said, hey, no issue here, because claim preclusion doesn't apply. So we don't have to actually go through that analysis. Well, I just want one point of clarification. Is your point that claim preclusion should apply to all of the 43A claims asserted? Yes, absolutely. And I understand that the Ninth Circuit Court of Appeals case doesn't look good for me. And I recognize that. But here's the reason why I believe that the Ninth Circuit got it wrong, or at the very least, we have very strong cases in other circuits that go the other way. So the basis for the Ninth Circuit's decision in the Triple V case is a restatement of Judgment Section 261C. And the basis basically is, well, these guys could not have pursued their 43A claim in the DTAP. And so by definition, the remedies available were not there. And so they had to then pursue that in district court. And therefore, we don't have claim preclusion. But the problem with that is that if we take a look at the comment to that section in the restatement, the focus there is that the way they put it in the comment is that the jurisdiction in which the first judgment was rendered needs to be one which put no formal barriers in the way of a litigant presenting to a court in one action the entire claim. Okay, let's talk about that point, that very point, right? So formal barriers. Tell me then, how do you mesh your argument with the TTAP Manual of Procedure, right? The TTAP Manual of Procedure says that the TTAP is an administrative tribunal empowered to determine only the right to register a mark and specifically is not authorized to determine the right to use, nor may it decide broader questions of infringement or unfair competition. That's at section 10201. So with that statement, I think it's unequivocal. And the fact that your adversaries pushing the 43A claims with fall within an ambit, how do you mesh that? Because the comment doesn't say that it needs that the first court needs to be the one that had no barriers. It just says that there should not be barriers by the first court of a court having the entire case. So what I mean by that is that these guys, the petitioner here, Mr. Beasley, could have filed this entire case, including the petition to cancel the registration in district court. The Trademark Act is very clear about the fact that you can petition to cancel in two ways, either by going to the TTAP, which is what was done here, or by going to district court. So my point is, if we take a look at the comment, the comment doesn't require that the court that the person chose initially be the one that could have heard everything. It just requires that that court did not have a barrier that would have allowed the litigant to file everything together. Now, I'm not alone in understanding the comment this way. The Seventh Circuit Court of Appeals in the Humphrey case, this was a 1996 case, Humphrey versus Haroldson Enterprises, that case dealt with precisely this issue. In that case, the plaintiff had brought a case in administrative court and then tried to get remedies, the money damages, in district court. And the court went through this analysis, some sort of court of appeals went through this analysis and said, no, the only time we say claim preclusion doesn't apply is if the litigant could not have brought everything together in one claim. But the fact that the litigant initially had the option of either going to district court or administrative court and shows on his own to go to administrative court, he loses this right to then pursue that action in district court. So your argument is that the Seventh Circuit in Humphrey is what we should follow, despite the fact that it seems factually much closer to our case, should be ignored. The Ninth Circuit Court of Appeals could not have reached its decision unless it disagrees with Seventh Circuit Court of Appeals. And Seventh Circuit Court of Appeals, in reading the comment this way, is not alone. The Fourth Circuit Court of Appeals went the same way in a case called Deoni versus Mayor and City Council of Baltimore. Again, the court focused, spent an enormous amount of time focusing on the fact that the reason the court found that claim preclusion did not apply there is because the court found that there was no one jurisdiction, no one court that could have heard all the claims. But had there been one court that could have heard all the claims initially, then claim preclusion would not have applied. And I think that's the mistake that the Ninth Circuit Court of Appeals made here. And the problem with- Fill me in your brief. Could you just give me the page reference? To be very frank and honest, I actually did not. I found this case in preparation for this oral argument. So I don't have the case in my brief, but I'm happy to supplement and provide that to the court in the citations. Could you just give us the citation right now? Yeah, absolutely. So the Seventh Circuit Court of Appeals and many other Seventh Circuit cases cite this one is 95F3-624. That's the Seventh Circuit Court of Appeals, the 1996 case Humphrey, which is cited by many cases in that circuit. And then the other case is a Fourth Circuit Court of Appeals case. It's 40F3-677. And then it appears as though the Third Circuit also appears to be going in this direction in Core State Bank. The court focuses on the fact that there wasn't a jurisdiction, one jurisdiction, one court in which the entire action could be heard. And the citation there is 176F3-187. That's a 1999 Third Circuit Court of Appeals case. So none of these three cases are in your brief, is that right? Yeah, and I apologize. Yes, that is correct. That is correct. And frankly, in preparing for this case, I initially thought that the Ninth Circuit Court of Appeals, Ninth Circuit decision was one that I couldn't get around. But the truth is that as I'm looking at this carefully and finding these cases, it appears that there is an enormous weight of authority on the other side saying, no, the only time claim preclusion does not apply is if you could not have brought the action in one case. So in this case, everything that's being litigated here, cancellation of the trademark, all the other elements and claims made in this complaint could have been filed in district court. Now, once we eliminate with claim preclusion, once we... I'm sorry. So if we agreed with your position, then it sounds like claim preclusion would always apply and plaintiffs would always choose to go to the district court because they'd be forced to do so because they would know because the rule that you're asking us to apply would require that a plaintiff making the decision to go to the TTAB on the one hand or the district court would be forced to go to the district court because if they went to the TTAB and did not obtain the relief they sought, they know that their hands would be tied if they then went to the district court. So tell me why that isn't the unsavory result of applying the theory that you've proposed. Yes, Your Honor. So in practicing TTAB cases for 10 years, the majority of cases we deal with actually are not cases where parties are going at each other for money damages. It's not usually about that. It's about preserving rights to the trademark registration. So most of these cases, if you give applicants the option of going to the TTAB or federal court, in many cases it's not about the money. For example, in many cases it might be a 1B application, an intent to use application, which means that the applicant isn't even yet using the application. It might be that they just obtained the registration very recently so their level of usage is very limited and so if they can get that done at the TTAB, it's much cheaper than going to federal court. Federal court litigation will attract those cases where you have a lot of money in play and the trademarks have been used for a long time where there's a lot going on there in terms of usage. But it's not to say that simply because I can't bring a monetary action against the defendant, if I go to TTAB, I'll definitely choose to go to federal court in order to preserve that. In my experience, that's absolutely not the case. Litigants would much rather go to TTAB where things are much cheaper and easier. So you're telling me that we're going to set up a rule that will create a procedural pathway that litigants will say will make an economic decision but potentially forfeit claims. I don't get that. But, you know... The Seventh Circuit Court of Appeals, that says exactly that. Exactly that. Well, we're at a disadvantage. I know, I know, I know. I apologize. That we haven't read. I know. I apologize. I apologize. But that's essentially what I'm proposing, which is that a litigant doesn't cost benefits when deciding how to pursue a case. If they intend to pursue under 43A or any other monetary damages claims, it would be federal court. If they want a more shorter litigation, cheaper litigation that focuses on the trademark ownership, they'd go to TTAB. Did you inform your adversary of these cases? I did not. I did not. I found them... About these cases, unless you found these cases last night. I did. I did, Your Honor. I'm sure with you is at a severe disadvantage. I did, Your Honor. I found them literally five hours ago. So, can I ask you a question? On page 30, I believe 38 of your brief, you say that all the current claims could have, quote, could have been clearly could have been raised before the TTAB. Do you stand by that? I think with the... I think the proper way to put it, I should have put it this way, is that the theories could have been presented to TTAB. The theories, meaning... Can I ask you another question? Because your time is growing short here. Your theory, your new theory, presumes that all of the claims had accrued at the time that the TTAB proceeding was brought. Is it clear that the appellants passing off false advertising claims had even accrued at that point? And what happens to cases, what happens to say false advertising claims that accrue after that? They're barred forever? I don't think so. I think that if it's a new... I would think that if it's truly a new, a non-continuance, but a new claim, a new situation, I don't think that claim preclusion would apply. I mean, you point out this thing's been lingering for, what is it, 10 years or something like that. Is it clear that their 43A claims didn't accrue at some time after the initial proceeding? It's hard to say, right? It's hard to say. I mean, I don't have anything here that indicates that anything new occurred because he was claiming that we were stealing, that Mr. Howard was stealing the trademark back when he submitted TTAB cases one and two. So I don't know. I can't tell from the complaint whether that's the case or not. Okay. I see your time is up. Judge Greenaway or Judge Nygaard, do you have anything more? No, sir. I have nothing. Thank you, judge. Okay. Thank you. All right. So we'll hear from Mr. Schwimmer now in rebuttal. Thank you, your honors. With regards to the argument that we are hearing for the first time now. First, in cases such as US v. Athlon and other cases in this circuit that discuss claim preclusion, I have not seen the thought that the issue is whether the plaintiff should have been smarter and should have gone to a different court at that time. I've never seen that as a claim preclusion theory. Second, the words of the exception in the restatement second of judgments that the Ninth Circuit rely on speak for itself. Third, the statutory scheme that Congress created in which an opposer has a choice as to whether going to the TTAB is appropriate or whether to go to a civil court. Congress limited the jurisdiction of the TTAB and did not put any form of mandatory compulsory or preclusive language in the Lanham Act. Finally, if the act of going to the TTAB will cut off the ability to go into a civil court, how would a litigant ever have the opportunity whether or not the ancillary causes of action, false advertising, passing off, what have you, had actually accrued at the time that they went into the TTAB? There is no evidence in the record as to when these causes accrued. If it's been a long time, defendant has other defenses against that, but we would not have our day in court to even show when these false statements were made, when this passing off occurred. And that is my rebuttal of this Seventh Circuit argument. Okay. Would you like to say anything else? You have a couple of minutes. I would, well, just to be very precise, with regards to the issue preclusion aspect of the TTO, I just thought of something else, which is that infringement, passing off, these are ongoing torts. There's statute of limitations on remedies, but again, trademark infringement is an ongoing tort. What defendant is doing today gives rise to an action, not accruing to 2011 or what have you. All right. With regards to fraud on the PTO, there is a single holding in this decision. It was that both sides filed a lot of documents and none of them, neither party followed procedure and the TTAB threw up their hands and they said merely appellant failed to meet its burden. It failed to submit evidence that respondent made false material representations of fact in connection with his trademark application and that he did so with the intent to deceive the PTO. That is not the core issue. It merely means that appellant did not prove that the trademark application was so false as to if Howard had a good faith belief that what he was saying was true, doesn't meet the fraud statement, still might be infringement. It is not, the holding of the fraud on the PTO is not central to the 43A claim. All right. Judge Greenaway, Judge Nygaard, do you have anything more? Thank you. No. No, I have nothing. Thank you, Judge. Okay. Thank you. Thank you, counsel, for your excellent arguments, both written and orally and oral. And we will take this case under advisement and ask the clerk to adjourn court for the day.